UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RASHAD MOHAMMED, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED, | CASE NO. 4:19-cv-103 |
| *Plaintiff,* | COLLECTIVE ACTION |
| v. | |
| DAE & ASSOCIATES, LTD., | |
| *Defendant.* | |

# COMPLAINT

## SUMMARY

1. DAE & Associates, LTD. ("DAE") is a geotechnical engineering firm based in Houston that employed Rashad Mohammed as an hourly "Project Engineer." DAE paid Mohammed and other employees similarly situated to him at the same hourly rate for all hours worked, including those worked in excess of 40 in a workweek. Because this violates the Fair Labor Standards Act (FLSA), Mohammed and other similarly situated workers are owed unpaid overtime wages and other damages.[1]

## JURISDICTION & VENUE

2. This Court has federal question subject matter jurisdiction. *See* 28 U.S.C. § 1331 & 29 U.S.C. § 216(b).

---

[1] DAE has been repeatedly sued for committing the same "straight time for overtime" violation of the FLSA. *See Wootan v. DAE & Assocs., LTD.*, No. 4:15-cv-1236, ECF No. 1 (S.D. Tex. May 7, 2015); *Cooper v. DAE & Assocs. LTD*, No. 4:14-cv-00856 (S.D. Tex. Apr. 2, 2014); *Fuentes v. DAE & Assocs., LTD*, No. 4:14-cv-00856, ECF No. 1 (S.D. Tex. June 26, 2013).

1

3. Venue is proper because DAE does business in this District, Mohammed lives in this district, and a substantial part of the events alleged herein occurred in this District. *See* 28 U.S.C. §§ 1391 (b) & (c).

## PARTIES

4. Mohammed worked as an hourly "Project Manager" for DAE. His written consent to this action is attached.

5. Mohammed brings this action on behalf of himself and all other similarly situated employees who were paid straight time for overtime. These employees are collectively referred to herein as the "Class Members," or "Potential Class Members."

6. DAE violated the FLSA because it paid its employees "straight time for overtime."

7. DAE is a Texas corporation that employed Mohammed and the Class Members.

## FACTS

8. Mohammed and the Class Members were employed by DAE and paid by the hour.

9. In each of the past three years, DAE's gross revenues exceeded $500,000.

10. Over the past three years, DAE employed dozens of workers – including Mohammed and the Class Members – in its facility located in Houston, Texas. These employees routinely handle or work on goods or materials – such as computers, fax machines, tools, automobiles, and telephones – that moved in, or were produced for, interstate commerce.

11. DAE has, at all relevant times, paid Mohammed and the Class Members by the hour for the work they perform. DAE maintains employment records on Mohammed and the Class Members, can terminate their employment, determines their work locations and sets their compensation.

12. As nonexempt employees, Mohammed and the Class Members were entitled to overtime pay equal to one and one-half times their regular rates of pay for hours worked in excess of 40 in a workweek.

13. DAE, however, only paid Mohammed and the Class Members at the same hourly rate for all hours worked, including those worked in excess of 40 in a workweek. DAE did not pay these employees the additional overtime premium required by the FLSA.

14. For example, Mohammed's pay stubs show he worked 104.19 hours during the pay period September 24 to October 7, 2017. He was paid $17.48 per hour for a total of $1,821.24.

15. Mohammed's pay stubs show he worked 74.18 hours during the pay period October 8 to October 21, 2017. He was paid $17.48 per hour for a total of $1,296.67.

16. DAE recorded the hours Mohammed and the Class Members worked.

17. Mohammed regularly worked in excess of 50 hours per week during his employment with DAE.

18. DAE knows Mohammed and the Class Members regularly worked more than 40 hours in a week.

19. It is well established that hourly employees are not exempt from the overtime provisions of the FLSA.

20. DAE know its hourly employees are not exempt from the FLSA's overtime provisions.

21. Nonetheless, DAE did not pay Mohammed and the Class Members overtime for hours worked in excess of 40 in a workweek.

22. DAE received several complaints from its employees about its failure to pay overtime. DAE has been sued for similar FLSA violations. DAE, however, failed to correct its unlawful payroll policy.

## COLLECTIVE ALLEGATIONS

23. DAE's practice of paying straight time for overtime violates the FLSA.

24. Like Mohammed, other hourly workers employed by Defendants were subject to DAE's unlawful straight time for overtime policy. They are owed overtime for the same reason as Mohammed. They are similarly situated to Mohammed because, as hourly employees paid straight time for overtime, variations in their job duties do not impact their right to overtime pay.

25. Notice of this action should be sent to these similarly situated workers:

**All hourly employees of DAE who, in any workweek during the last three years, worked more than 40 hours and were paid at the same rate for all hours worked.**

## CAUSE OF ACTION – VIOLATION OF THE FLSA

26. By failing to pay Mohammed and the Class Members overtime at one-and-one-half times their regular rates, DAE violated the FLSA's overtime provisions.

27. DAE owes Mohammed and the Class Members the difference between the straight time rate DAE paid and the proper overtime rate. Because DAE knew, or showed reckless disregard for whether, this pay practice violated the FLSA, it owes these wages for at least the past three years.

28. DAE also owes Mohammed and the Class Members an amount equal to the unpaid overtime wages as liquidated damages.

29. Mohammed and the Class Members are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

## PRAYER

Wherefore, Mohammed prays for relief as follows:

1. An order allowing this action to proceed as a representative collective action under the FLSA;

2. Judgment awarding Mohammed and the Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and expenses under the FLSA;

3. A service award for Mohammed as permitted by law;

4. Pre- and post-judgment interest at the highest rate allowable by law; and

5. All such other and further relief to which Mohammed and the Class Members may show themselves to be justly entitled.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: _/s/ David I. Moulton_
    David I. Moulton
    Texas Bar No. 24051093
    *Attorney-In-Charge for Plaintiff*
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
dmoulton@brucknerburch.com

## CONSENT TO JOIN WAGE CLAIM

Print Name: Rashad Mohammed

1. I hereby consent to participate in a collective action lawsuit against **DAE & Associates dba Geotech Engineering and Testing** (and its related entities) to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at BRUCKNER BURCH PLLC as my attorneys to prosecute my wage claims.

4. I authorize the law firm and attorneys at BRUCKNER BURCH PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: _[DocuSigned by: RJM / 0EB0640C71A54D3...]_     Date Signed: 10/6/2018